IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

JUSTIN PISTORE,

    **Plaintiff,**

v.                                                       Civil Action No. 3:05-CV-123
                                                             (Bailey)

**CHRISTOPHER M. ROPER,**
**Individually and in his Official Capacity, and,**
**CHARLES C. COLE, SR.,**
**Individually and in his Official Capacity,**

    **Defendants.**

## ORDER DENYING DEFENDANTS' RENEWED
## MOTION FOR SUMMARY JUDGMENT

On this day, the above-styled matter came before the Court for consideration of the Defendants' Renewed Motion for Summary Judgment and Defendants' Supplement to Their Renewed Motion for Summary Judgment [Doc. 70 & 73]. Upon careful consideration of the defendants' Motions and memorandum in support thereof, it is the opinion of this Court that the defendants' Motions [Doc. 70 & 73] be **DENIED**.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The court is to draw any permissible inference from the underlying facts in the light most favorable to the non-movant, See ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249 (1986); ***Matsushita Elec. Indus. Co., Ltd. V. Zenith***

*Radio Corp.*, 475 U.S. 574, 587-88 (1986) (citing **United States v. Diebold Inc.**, 369 U.S. 645, 655 (1962)). Further, the non-movant must offer some "concrete evidence from which a reasonable juror could return a verdict in his or her favor," **Anderson**, 477 U.S. at 256, evidence that amounts to more than a mere "scintilla of evidence" in support of his position. See *id.* at 252.

Clearly, one need only read the parties' statements of fact to reach the conclusion that genuine issues of material fact are in dispute. Furthermore, viewing the facts in the light most favorable to the plaintiff, it becomes apparent that the plaintiff has offered more than a mere "scintilla of evidence" in support of his claim. Therefore, the defendants' Renewed Motion for Summary Judgment is **DENIED**.

Likewise, this Court cannot grant the defendants qualified immunity because the above-mentioned material facts remain in dispute. Qualified immunity requires an assessment of the objective reasonableness of the use of force viewed in *full* context, with an eye toward the proportionality of the force in light of all the circumstances. **Rowland v. Perry**, 41 f.3d 167, 172 (4th Cir. 1994). Viewing the facts in the light most favorable to the plaintiff, this Court cannot find that the degree of force used during the arrest was objectively reasonable.

Additionally, for reasons including those aforementioned, the defendants' two remaining requests for relief contained in its Memorandum in Support of its Renewed Motion for Summary Judgment [Doc. 74] are hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED:** July 23, 2007.

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE