IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JUSTIN PISTORE,**

    Plaintiff,

v.

**CIVIL ACTION NO. 3:05-CV-123
(BAILEY)**

**CHRISTOPHER M. ROPER,**
Individually and his Official Capacity,
and **CHARLES C. COLE, SR.**,
Individually and his Official Capacity, and
**SCOTT P. REAGAN**, Individually and in
his Offical Capacity,

    Defendants.

## MEMORANDUM ORDER GRANTING
## DEFENDANT CHARLES COLE'S
## RENEWED MOTION FOR SUMMARY JUDGMENT

Pending before this Court is Defendant Charles Cole's Renewed Motion for Summary Judgment (Doc. 103). For the reasons hereinafter stated, this Court **GRANTS** the renewed motion for summary judgment (Doc. 103).

This is an action brought under 42 U.S.C. § 1983 against two police officers, Christopher M. Roper and Scott P. Reagan and Charles C. Cole, Sr., who was the Shepherdstown Chief of Police at the time, seeking damages for alleged "police brutality."

Defendant Cole has filed this renewed motion for summary judgment, asserting that the plaintiff has no evidence meeting the standards for liability applicable in the Fourth Circuit. There is no respondeat superior liability under § 1983. *See* **Monnell v. Department of Social Services**, 436 U.S. 658 (1978); *see also* **Vinnedge v. Gibbs**, 550

1

F.2d 926, 928 (4th Cir.1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." **Vinnedge**, **supra**. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. **Fisher v. Washington Metropolitan Area Transit Authority**, 690 F.2d 1113 (4th Cir.1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." **Shaw v. Stroud**, 13 F.3d 791, 799 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994); **Baynard v. Malone**, 268 F.3d 228 (4th Cir. 2001).

"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." **Shaw**, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" **Id**.

"'Deliberate indifference is a very high standard - a showing of mere negligence will not meet it.' **Grayson v. Peed**, 195 F.3d 692, 695 (4th Cir.1999), *cert. denied,* 529 U.S.

2

1067 (2000); see ***Farmer v. Brennan***, 511 U.S. 825, 835 (1994) (explaining that "deliberate indifference describes a state of mind more blameworthy than negligence" but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result"). Actions that in hindsight are "unfortunate" or even "imprudent" will not suffice. ***Jones v. Wellham***, 104 F.3d 620, 627 (4th Cir.1997). Indeed, a supervisory official who responds reasonably to a known risk is not deliberately indifferent even if the harm is not averted. See ***Farmer***, 511 U.S. at 844; ***Doe v. Dallas Ind. Sch. Dist.***, 153 F.3d 211, 219 (5th Cir.1998) (concluding that school official who investigated complaint of sexual abuse was not deliberately indifferent even though official erroneously concluded that complaint was baseless)." ***Baynard, supra,*** at 236.

An application of the foregoing law to the undisputed facts of this case demonstrates that the plaintiff cannot sustain an action against Cole. The plaintiff argues that the Police Department negligently hired, trained and supervised its officers. There can be no liability under § 1983 for negligence in training, supervising or controlling subordinates. ***Simons v. Montgomery County Police Officers***, 762 F.2d 30 (4th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986).

The facts upon which the plaintiff bases his case are as follows:

1. In his deposition, Mr. Cole stated that the hiring process in place when defendant Roper was hired was inadequate;

2. Defendant Cole did not implement any formal training requirements;

3. Defendant Cole did not know what written policies had been adopted by the Town as opposed to those that had not;

3

4. Required use of force forms related to the incident were missing; and

5. There were two incidents involving use of force which resulted in complaints during Cole's tenure as Chief of Police, yet Cole did not mandate any use of force training.

With respect to the first basis, while Cole did state that the process was inadequate, he also testified that he sought to change the hiring process and that his plan was rejected by the Town. The proposed changes were later approved under a different administration.

With respect to lack of training, it is undisputed that the two officers in question graduated from the West Virginia State Police Academy, where they were instructed in the use of force continuum and the proper use of pepper spray. In addition, both are certified by the State of West Virginia and have attended continuing education courses to maintain their certifications.

With respect to the issue of policies, Mr. Cole testified in his deposition that a use of force policy had been submitted to the Town Council and that the policy had been approved by the Mayor and Council.

Finally, Mr. Cole testified that during his tenure as Chief, he received no complaints from any citizens accusing Officers Roper or Reagan of the use of excessive force in effecting arrests. The two incidents referred to by the plaintiff are not identified. Presumably, they are the incident leading to this case, which occurred on November 23, 2003, and the incident leading to **Humphreys-Aguilar v. Roper**, 3:06-cv-123, also pending before this Court. The **Humphreys-Aguilar** incident occurred on September 25, 2004, or after the incident in this case.

The facts relied upon by the plaintiff are simply insufficient to meet the

standards set forth in *Shaw* and *Baynard*.

For these reasons, Defendant Charles Cole's Renewed Motion for Summary Judgment (Doc. 103) is **GRANTED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** September 28, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE